IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AAISD, LLC, d/b/a INTEGRATED SYSTEMS DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>C. HAGER & SONS HINGE MANUFACTURING COMPANY, d/b/a HAGER COMPANIES,<br><br>Defendant. | Case No. 2:25-cv-_____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff AAISD, LLC, d/b/a Integrated Systems Design (ISD), through its counsel, files this Complaint against Defendant C. Hager & Sons Hinge Manufacturing Company, d/b/a Hager Companies (Hager), showing this Court as follows:

### INTRODUCTION

1. ISD is an industry leader in manufacturing and warehouse automation systems. Hager operates a manufacturing facility in Montgomery, Alabama, and it hired ISD to design and build a warehouse system solution for that facility.

2. ISD fully held up its end of the bargain. The high-tech system that it designed and built included conveyers, an Automated Storage Retrieval System, an automated parcel system, software, and more. And to this day, Hager uses and benefits from the system that ISD designed and built for Hager.

3. Yet Hager has repeatedly refused to pay more than $625,000 that it owes ISD for ISD's equipment and services.

4. ISD thus has no choice but to file this action for Breach of Contract, Account Stated, Work and Labor Done, and Unjust Enrichment.

## THE PARTIES

5. Plaintiff AAISD, LLC does business as "Integrated Systems Design." It is a limited liability company organized under the laws of the State of Michigan. Each of its members is a citizen of either Michigan or Florida. It is thus a citizen of Michigan and Florida.

6. Defendant C. Hager & Sons Hinge Manufacturing Company does business as "Hager Companies." It is incorporated under the laws of the State of Missouri and has its principal place of business in St. Louis, Missouri. It is thus a citizen of Missouri.

7. Hager's registered agent for service of process in the State of Alabama is CT Corporation System, 2 N. Jackson Street, Suite 605, Montgomery, AL 36104.

## JURISDICTION AND VENUE

8. This Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Hager is subject to personal jurisdiction in Alabama. It is registered to do business in Alabama and operates a manufacturing facility located at 150 Folmar Parkway, Montgomery, AL 36105 (the Facility). In 2019, Hager entered an agreement with ISD to buy equipment and services for the Facility. In that agreement, the parties agreed Alabama

law would control. ISD shipped the equipment to the Facility and installed it at the Facility. But Hager failed to pay the full amount for the equipment and services. ISD filed a lawsuit against Hager in Michigan, but the trial court dismissed the case without prejudice for lack of personal jurisdiction and held that this dispute should be litigated in Alabama. *Integrated Sys. Design v. Hager Cos.*, No. 23-203673-CB (Mich. Cir. Ct., Oakland Cnty.).

10. Venue is proper under 28 U.S.C. § 1391(b). Hager is subject to this Court's personal jurisdiction for this action and thus resides in this District. *See id.* § 1391(b)(1), (c)(2). In addition, a substantial part of the events giving rise to this action occurred in this District because ISD built the custom system at Hager's facility in this District, yet Hager failed to pay the full amount for ISD's equipment and services. *See id.* § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. ISD and Hager are parties to Sales Agreement #718RSS0491R07. Under the Sales Agreement, ISD agreed to sell to Hager—and Hager agreed to buy from ISD—the equipment and services described in Proposal #718RSS0491R07, dated August 28, 2019. That Proposal included General Terms and Conditions. Together, the Sales Agreement, the Proposal, and the incorporated General Terms and Conditions are "the Agreement."

12. A copy of the Agreement, as signed by Hager, is attached to this Complaint as **Exhibit A**. On information and belief, the fully executed Agreement is in Hager's possession.

13. The Proposal described that ISD would design and build a warehouse system solution to support Hager's distribution needs. The warehouse system solution would include conveyors, manual racking, an Automated Storage Retrieval System (ASRS) mini

load, an automated parcel system (with conveyors, an in-motion scale, and label-apply station), software, and controls.

14. As shown in the Proposal, the base price for the warehouse system solution was $6,620,068.

15. When Hager entered the Agreement, it agreed to pay ISD in accordance with the payment terms in the Proposal that Hager accepted. This included agreeing to pay the invoices that ISD would submit to Hager, as well as agreeing to pay a late payment charge of 0.05% per day (18% per annum, based on a 360-day year).

16. ISD designed and built the warehouse system solution in accordance with the Proposal. That system is capable of performing as described in the Proposal. For instance, the mini-load and conveyor systems exceed the requirement to present 298 lines/hour (238 cycles/hour) to pickers.

17. In keeping with the Agreement, ISD issued invoices to Hager for equipment and services it provided to Hager. This included Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107.

18. But despite its obligation and agreement to pay, Hager has refused to pay the outstanding balance of $625,529.26 owed for equipment and services that ISD provided. Hager has failed to pay despite assurances, made through Bill Yeomans, that payment would be made.

19. On December 22, 2020, ISD issued Invoice #00017035 (attached to this Complaint as **Exhibit B**) to Hager for charges related to the ASRS and two change orders for a total of $1,176,627.37. Hager made a payment of $940,193.67 toward Invoice

#00017035, but there remains a balance of $236,433.70 due and owing to ISD for the equipment and services identified in that Invoice.

20. On December 17, 2021, ISD issued Invoice #00017909 (attached to this Complaint as **Exhibit C**) to Hager for charges related to freight for a total of $99,414.79. Hager has not made any payment toward Invoice #00017909, so there remains a balance of $99,414.79 due and owing to ISD for the freight charges identified in that Invoice.

21. On December 23, 2021, ISD issued Invoice #00017912 (attached to this Complaint as **Exhibit D**) to Hager for a charge related to the ASRS for a total of $288,350.90. Hager has not made any payment toward Invoice #00017912, so there remains a balance of $288,350.90 due and owing to ISD for the equipment and services identified in that Invoice.

22. On April 26, 2023, ISD issued Invoice #00019106 (attached to this Complaint as **Exhibit E**) for charges related to equipment and freight for a total of $970.52. Hager has not made any payment toward Invoice #00019106, so there remains a balance of $970.52 due and owing to ISD for the equipment and freight identified in that Invoice.

23. On April 26, 2023, ISD issued Invoice #00019107 (attached to this Complaint as **Exhibit F**) for charges related to equipment and freight for a total of $359.35. Hager has not made any payment toward Invoice #00019107, so there remains a balance of $359.35 due and owing to ISD for the equipment and freight identified in that Invoice.

24. The following table summarizes the principal amount due and owing to ISD:

| Invoice Date | Invoice Number | Invoice Amount | Credit Applied | Balance Due |
|---|---|---|---|---|
| Dec. 22, 2020 | 00017035 | $1,176,627.37 | $940,193.67 | $236,433.70 |
| Dec. 17, 2021 | 00017909 | $99,414.79 | — | $99,414.79 |
| Dec. 23, 2021 | 00017912 | $288,350.90 | — | $288,350.90 |
| Apr. 26, 2023 | 00019106 | $970.52 | — | $970.52 |
| Apr. 26, 2023 | 00019107 | $359.35 | — | $359.35 |
| **Total Amount Due and Owing** ……………………………. | | | | **$625,529.26** |

25. If Hager has any complaints about the warehouse system solution, those are not properly directed at ISD. To reiterate, the system is capable of performing as described in the Proposal. ISD has not caused any Hager any loss. In addition:

    a. Hager refused to allow ISD to perform an acceptance test required under the Agreement;

    b. Hager repeatedly ignored ISD's detailed instructions regarding the correct inventory and quantity to be stored in the automated system;

    c. Hager mismanaged the Facility;

    d. ISD did not get access to the Facility until around three months after the date promised by Hager; and

    e. ISD cannot be responsible for shipping delays caused by Covid-19 travel restrictions.

26. Before ISD filed this civil action, Hager informed ISD that it did not intend to remit any further payment related to the outstanding invoices.

27. On May 2, 2023, in effort to avoid litigation, counsel for ISD sent a letter to Hager seeking assurances that Hager would pay the total outstanding principal amount to ISD. A copy of that letter is attached to this Complaint as **Exhibit G**.

28. On June 8, 2023, counsel for Hager responded to ISD and denied that Hager owed any money to ISD.

29. In brief, ISD fulfilled its obligations under the Agreement, but Hager has not. Hager has unjustifiably failed to pay the total outstanding principal amount of $625,529.26 to ISD as reflected in Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107, which remain due and owing to ISD.

30. Hager's actions, inactions, and representations necessitated this civil action.

## COUNT ONE: BREACH OF CONTRACT

31. ISD repeats the allegations in paragraphs 1–30 as if fully set forth in this paragraph.

32. ISD and Hager entered into the Agreement, which is a valid, binding, and enforceable contract.

33. Under the Agreement, Hager agreed to purchase from ISD the equipment and services described in Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107.

34. Hager breached the Agreement by, among other things, failing to pay ISD the amount of $625,529.26—the balance of the principal amount owed.

35. As a result of Hager's breach of the Agreement, ISD has suffered extensive damages in the amount of $625,529.26, exclusive of interest, costs, and attorneys' fees.

36. As damages for Hager's breach of contract, ISD seeks—and this Court should award to ISD—the amount of $625,529.26, plus interest, costs, and attorneys' fees.

## COUNT TWO: ACCOUNT STATED

37. ISD repeats the allegations in paragraphs 1–30 as if fully set forth in this paragraph.

38. There have been a series of prior monetary transactions between ISD and Hager that have established a debtor–creditor relationship.

39. ISD provided to Hager the equipment and services described in Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107.

40. Hager received and retained the equipment and services described in Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107.

41. ISD presented Hager with Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107 for the equipment and services ISD provided to Hager.

42. Hager received and retained Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107 without objecting within a reasonable time. In fact, Hager made partial payments toward the account balance without objecting to the account within a reasonable time.

43. ISD has repeatedly demanded that Hager pay the $625,529.26 balance that is due and owing. Hager has failed to pay that balance. As a result, Hager continues to owe $625,529.26 to ISD.

44. Attached to this Complaint is an Statement of Account and Declaration of Tony Morgott, verifying and attesting to the balance due and owing to ISD on Hager's account for the equipment and services purchased under the Agreement.

45. Hager is justly indebted to ISD in the amount of $625,529.26, over and above all legal claims and not including interest, costs, attorneys' fees, and any other relief the Court deems appropriate.

46. As a result, ISD seeks—and this Court should award to ISD—the amount of $625,529.26, plus interest, costs, and attorneys' fees.

### COUNT THREE: WORK AND LABOR DONE

47. ISD repeats the allegations in paragraphs 1–30 as if fully set forth in this paragraph.

48. ISD provided to Hager the work and services described in Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107. ISD provided that work and services with the expectation and understanding that Hager would, as agreed, make periodic payments totaling the full value of the work and services.

49. ISD's expectation of payment from Hager was reasonable.

50. The amounts reflected in Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107 are reasonable values of the work and services performed.

51. Hager knowingly received and retained the benefit of the work and services described in those Invoice #00017035, Invoice #00017909, Invoice #00017912, Invoice #00019106, and Invoice #00019107.

52. ISD has repeatedly demanded that Hager pay the $625,529.26 balance that is due and owing. Hager has failed to pay that balance. As a result, Hager continues to owe $625,529.26 to ISD.

53. Hager is justly indebted to ISD in the principal amount of $625,529.26, over and above all legal claims and not including interest, costs, attorneys' fees, and any other relief the Court deems appropriate.

54. As a result, ISD seeks—and this Court should award to ISD—the amount of $625,529.26, plus interest, costs, and attorneys' fees.

### COUNT FOUR: UNJUST ENRICHMENT

55. ISD repeats the allegations in paragraphs 1–30 as if fully set forth in this paragraph.

56. ISD pleads this Count in the alternative, in the event the Court concludes that ISD lacks an adequate remedy at law.

57. Hager agreed to purchase equipment and services from ISD for an warehouse system solution that would support Hager's needs.

58. ISD provided Hager with equipment and services for the warehouse system solution. ISD provided the equipment and services with the expectation and understanding that Hager would, as agreed, make periodic payments totaling the full value of the equipment and services.

59. ISD's expectation of payment from Hager was reasonable.

60. Hager knowingly accepted and retained ISD's equipment and services for the warehouse system solution. Hager benefited directly and financially by receiving ISD's equipment and services and by failing to make full payment to ISD for the equipment and services.

61. ISD has repeatedly demanded full payment for the equipment and services that ISD provided Hager. Hager has failed to pay that amount.

62. Hager will be unjustly enriched to ISD's detriment if Hager is allowed to benefit, or retain the benefit conferred on Hager, by Hager's improper and wrongful actions against ISD.

63. To avoid an unjust enrichment, ISD seeks—and this Court should award to ISD—the amount of $625,529.26, plus interest, costs, and attorneys' fees.

### RELIEF REQUESTED

WHEREFORE, Plaintiff AAISD, LLC, d/b/a Integrated Systems Design, respectfully requests that final judgment be entered in its favor and against Defendant C. Hager & Sons Hinge Manufacturing Company, d/b/a Hager Companies, and asks that the Court award to ISD:

A. The amount of $625,529.26;

B.     Interest, costs of suit, and attorneys' fees, according to proof; and

C.     Such other, further, or different relief to which ISD may be entitled.

## JURY DEMAND

ISD demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: March 31, 2025

/s/ *John A. Smyth, III*
John A. Smyth, III
   Alabama Bar No. 5204-M46J
   jsmyth@maynardnexsen.com
Caleb C. Wolanek
   Alabama Bar No. 4176-U11X
   cwolanek@maynardnexsen.com
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999

H. William Bloom, III
   Alabama Bar No. 0000-Q20N
   wbloom@maynardnexsen.com
MAYNARD NEXSEN PC
770 Washington Avenue
RSA Plaza, Suite 421
Montgomery, AL 36104
T: (334) 262-2001
F: (205) 254-1999

*Attorneys for Plaintiff AAISD, LLC, d/b/a Integrated Systems Design*